# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs November 1, 2016

## STATE OF TENNESSEE v. BARRY LAMONT PRICE

**Appeal from the Circuit Court for Madison County**
**No. 91-1046  Roy B. Morgan, Jr., Judge**

_____

### No. W2016-00896-CCA-R3-CD  -  Filed January 17, 2017

_____

The Petitioner, Barry Lamont Price, appeals the Circuit Court of Madison County's summary denial of his motion to correct illegal sentence pursuant to Rule 36.1. Following our review, we affirm the judgment of the trial court pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS AND J. ROSS DYER, JJ., joined.

Joseph T. Howell, Jackson Tennessee, for the appellant, Barry L. Price.

Herbert H. Slatery III, Attorney General and Reporter; Andrew C. Coulam, Assistant Attorney General; James G. (Jerry) Woodall, District Attorney General; and Al Earls, Assistant District Attorney General, for the Appellee, State of Tennessee.

## MEMORANDUM OPINION

On August 25, 1992, the Petitioner was convicted by a jury of attempt to commit felony escape, a Class A misdemeanor, and sentenced to 60-days in the county jail. This sentence was to be served consecutively to several other cases not at issue to the present matter. The Petitioner subsequently filed two motions to correct illegal sentence pursuant to Rule 36 of the Tennessee Rules of Criminal Procedure. In his first motion, which is not included in the appellate record, the Petitioner apparently argued the same grounds for relief as he did in his second motion. By written order issued on December 2, 2015, the trial court denied relief reasoning that, "[t]he charged offense in [the Petitioner's] case was a Class E felony and the punishment for attempt to commit escape while incarcerated for a felony would be a class 'A' misdemeanor." It further concluded that the sentence

imposed was proper; therefore, the Petitioner was not entitled to relief. The Petitioner filed a second motion on April 13, 2016, arguing that "[b]ecause the judgment order shows that the conviction class as attempt to commit felony escape, [Petitioner] can show that the judgment has been misconstrued as a felony by the Federal Courts." The Petitioner claimed that he was convicted of a misdemeanor and entitled to "have the trial court correct the error."

The trial court issued another order on April 18, 2016. After acknowledging that the Petitioner had put forth no new arguments or evidence in support of his motion, the trial court denied relief and reasoned that the Petitioner's complaint that "the federal court [was] misconstruing the judgment in setting the sentence for his federal convictions had no bearing on the legality of the judgment in this case. The [Petitioner] must address any complaints or errors committed by the federal court to that court." It is from this order that the Petitioner now appeals.

In this case, the Petitioner appears to argue that his August 25, 1992 judgment misclassified his convicted offense as a felony; therefore, his judgment should be corrected of this alleged clerical error pursuant to Rule 36 of the Tennessee Rules of Criminal Procedure to reflect his actual misdemeanor conviction. Rule 36 of the Tennessee Rules of Criminal Procedure provides that the trial court "may at any time correct clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission." However, as pointed out by the State, the judgment clearly reflects that the Petitioner was convicted of a Class A misdemeanor to be served in the county jail. While our review of the judgment shows that a mark is, in fact, in the felony box, the box by the misdemeanor clearly has a check mark inside it. Therefore, we conclude that the trial court properly denied the motion. The Petitioner is not entitled to relief.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. See Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, the judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
CAMILLE R. McMULLEN, JUDGE